**Ricardo Crisanto CAMPOS, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70801.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 16, 2007.

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**596**

Ricardo Crisanto Campos, Pomona, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Stacy S. Paddack, Kurt B. Larson, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

## MEMORANDUM **

Ricardo Crisanto Campos, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying his application for cancellation of removal. To the extent we have jurisdiction it is pursuant to 8 U.S.C. § 1252. We review constitutional challenges de novo. *Masnauskas v. Gonzales,* 432 F.3d 1067, 1069 (9th Cir.2005). We dismiss in part, deny in part, and grant in part the petition for review, and remand for further proceedings regarding voluntary departure.

Campos did not contest the IJ's moral character and continuous physical presence findings before the BIA or before this court. He thereby failed to exhaust, and waived, any challenge to these findings. *See Barron v. Ashcroft,* 358 F.3d 674, 677 (9th Cir.2004) (regarding exhaustion); *Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996) (regarding waiver).

■ Contrary to Campos's contention, the IJ did not make a hardship finding. In any event, this court lacks jurisdiction to review such a determination. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 853 (9th Cir.2003).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We reject Campos's contention that the court should remand under *Lanza v. Ashcroft*, 389 F.3d 917 (9th Cir.2004), because, as explained above, Campos challenged neither the reviewable nor the unreviewable determinations before either the BIA or this court.

Campos contends that the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 and the Nicaraguan Adjustment and Central American Relief Act of 1997 violate equal protection because certain similarly situated aliens benefit from a relaxed hardship and continuous physical presence requirement. These contentions are foreclosed by *Masnauskas,* 432 F.3d at 1071. Similarly, Campos's contentions challenging the BIA's summary affirmance procedure are foreclosed by *Falcon Carriche,* 350 F.3d at 848–49.

■ The IJ granted voluntary departure for a 60–day period and the BIA streamlined and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales,* 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore grant the petition for review and remand to the agency for further proceedings concerning Campos's voluntary departure status.

Campos's remaining contentions are without merit.

**PETITION FOR REVIEW DISMISSED in part, DENIED in part, and GRANTED in part; REMANDED.**